Enabling the American Mid-Centuries to learn more about the American Jewishtight Korean War  Most of us do not have access to education just as we picked up on the idea that most 2009 students lost their parents in the Koran confolithic. Mr. Lafond, we'll hear from you now. Good morning, Your Honor. If it pleases the court, I'm Matthew Lafondy. I'm the attorney in the underlying proceeding before the district court. For over a quarter century, I've been involved in the District of Columbia justice systems, first as a member of the police department across the street, second with the corporation counsel's office, and for the last 16 years as a private advocate in civil cases. I have always been instilled with a belief that despite the slings and arrows of civil litigation, that the folks that I worked with and opposed had shared a belief in the rule of law and equitable justice, despite what they may have seen as skewed, what I saw as a skewed view of justice. The events over the last two years have shaken my opinion of that, and the spectacle of September 21st, 2017, were a horrific indication that we had strayed very far from my understanding of justice and the rule of law. What occurred on September 21st, 2017, was that first, my client, first client, Timothy Day, was dead. That was indisputable. Second, that his mother, the co-defendant in this case, was in bankruptcy, subject to rules, section 362, automatic stay in bankruptcy. With the full knowledge of these circumstances, the magistrate judge proceeded with what I characterize as a court of general inquisition to bring me to the stand and invade my client's confidences, which were instilled in me, and interfere with my ability to represent people who had lost the ability to speak. Let me ask you, Mr. LaFont, you're focusing on the personal jurisdiction objection. You argue that the failure to perfect service defeats personal jurisdiction. That is... But personal jurisdiction would seem to me to be unquestionably established by your being in the jurisdiction, practicing in the jurisdiction, having entered an appearance in this particular case. And so when we look at the personal jurisdiction analysis under Supreme Court's cases, this Court's cases, there is adequate contact with the jurisdiction to support personal jurisdiction. I don't think there's any Mulholland Trust minimum contacts analysis here. The question is, did, was my actions as an advocate make me a party which was amenable to the process of parties? But party status is not required in order to take a deposition of a witness for enforcement of a judgment. And rule, the civil rule 45B1 requires service of the subpoena, requires delivery to that named person. That is the very essence of what attaches the Court's awesome power to command somebody to do something. And there's a very cut and dry issue of law, which we seem to be getting to very quickly here. Does my position as an advocate and not a party permit the Court to simply bypass the plain language of rule 45 requiring that I somehow now, rather than being at arm's length from the dirty business of the proceeding itself, now become a participant when I am there as an advocate, part of a tripartite system in which there are an advocate for one side, an advocate for the other, and the judge calling the balls and strikes. This instance is very, very dangerous, and it has been repeatedly stated by courts across the country that this business of interfering with the representation by calling an attorney as a witness is so dangerous to this system, because it does not allow that tripartite process to work. It has interfered with it, and this instance, this set of circumstances in this case is a horrific example of why that should never happen. Mr. LaFont, focusing not on the attorney-client privilege question, but still focusing on the subpoena and its relationship or not to personal jurisdiction, because the you object to the lack of a formal service of a subpoena on personal jurisdiction grounds. I'm trying to understand why that would defeat personal jurisdiction. And I gather that part of your answer is when a party is being called as a witness, no subpoena is necessary. When a non-party is called, a subpoena is necessary. Is that why you're talking about the dangers in your view of collapsing party versus counsel? Well, I bring that up because the danger is in blurring the distinction between the advocate and the party. And that's what I think that I'm trying to be responsive to your question, Judge Peller, that why there has to be this distinction that I don't just show up into court, and my hands are suddenly dirty with the business of the person that I'm representing. And that is because I'm here playing a role in this court as part of our constitutional process that affords folks due process. I'm sorry, can I ask you another question? Regarding the issue of the subpoena, in your reply brief, you seemed to concede that you were trying to evade the service and in fact had a duty to do that in defending your clients. That's not what I said. What I said was that there was some cat and mouse going on with regards to this process. What does that refer to? Well, that's referring to a response to responding to what the United States attorneys use those terms. And that does not say, it's to put words in my mouth to say that I was evading service. Just note what I was doing was holding the other side and the court to its burden. Because I had a supervening duty to my client to not be a party to an unlawful act of the court. What are you referring to when you say you were holding them to their burden? That is to say, follow Rule 45. And if you don't have jurisdiction of the person, not Mulholland Trust Minimal Contacts personal jurisdiction, I'm talking about of my body. Then you don't get to do this thing. I have to defend my client's interests when they cannot defend them themselves. And in your conduct, I'm just trying to understand the conduct you're referring to that you thought held them to their burden. Yes. By not showing up at home or turning away when they were waiting for you. There's no allegation of that. That's the problem. The problem is there is no allegation of that. There is no allegation that I turned away. The allegation is that a SUV turned around in a cul-de-sac. The end of the road. There's no way out. If you continue down that road, you're in my driveway. So people are turning around in that cul-de-sac all the time. So you're denying to this court that that was you? I'm denying that there was ever an allegation it was me. There's no allegation in that report of attempted service that it was me. There's no description. There's no tag number. I don't know what they're referring to. And then the idea that people are not at home in June and July or August in the District of Columbia areas, I found just so extraordinary to state the obvious. So there's never been any allegation that I ran away from anyone. There's never been any allegation that I was driving some particular car. That doesn't exist. And that's where I hold the plaintiff to their burden to say, you need to at least state these allegations that I did something. And that doesn't exist in that affidavit of attempted service. There were allegations in the affidavit of attempted service that notes were left for you, that messages were left for you. There were allegations to that effect. Yes. And your response to that is never saw them, never. No, I didn't say that. And once again, with all due respect, I know you're putting words in my mouth. I'm trying to understand your position. And the position is I am not going to fall on my sword to make my life easier at the expense of my client. My duty is to my client. And that means that sometimes the attorney must suffer. Right now, I am dealing with two separate cases, one in the District Columbia Court of Appeals and one in the Superior Court in which my client's former attorneys took the easy way out and provided the entire client file to the other side when it became convenient to do so or tried to give it to the court in my instance. And that was the easy way for them to get out of this mess that I'm in right now. But it was a violation of the fiduciary duty I held to my client to not disclose their confidences unless that threshold had been reached that I was under process and that I had been compelled to do something lawfully. Absent that, it was inappropriate for me to go looking for somebody to serve me, to go concede something that wasn't alleged. That was very inappropriate. All right. I think we'll hear from the other side now. Thank you. Good morning. May it please the Court. My name is Nick Coleman and I represent the United States in this matter. In brief, the district court had certainly had personal jurisdiction over an appellant by virtue of his presence before the court when the court both scheduled the deposition and then ordered him to testify. So although an appellant here today Can you spell that out a little bit more? Yes. If a court orders an attorney to show up in court for a deposition of that person, personal capacity, that suffices and obviates the need for subpoena under Rule 45? Right. Well, a couple of points, Your Honor. So the certainly district title, as we understand from their allegations, that whether the subpoena could even be issued had been litigated at length. District title was then ultimately won that argument, as we understand in the court, authorized the issuance of the subpoena. That was then served certainly on appellant as an attorney. Well, they attempted to serve it. They didn't succeed in serving it. Right. And they did attempt to serve it, and as Judge Pillard pointed out in her questioning, district title did allege that it attempted personal service of the subpoena on appellant on numerous occasions, and it didn't work. They also attempted to contact him directly as the attorney for the other side to see if he would appear, and he did not. So then they went to the court and asked for relief, and the court ordered a hearing, and during the hearing, at which appellant was personally present, the court said that it would hold the deposition in court and directed appellant to appear for that. So that really fulfilled all of the requirements of the subpoena. Yeah, I'm trying to figure out what is the basis for the court having that power to do that. Is it because, I mean, do they have that power if you're an attorney, a member of the bar of the court? Do you, by becoming a member of the bar of the court, lose the ability to assert personal jurisdiction against a subpoena? No, Your Honor. No, Your Honor. No attorney. On the other hand, there isn't a special rule for attorneys that if they are present before a court and the court gives an order that the attorney can simply refuse to abide by it. So I don't think that the- Because he said he was there under duress. Right. And again, it doesn't, whether you are subject to the personal jurisdiction of the court doesn't depend on how you got there. I mean, there are criminal defendants who have complained that they were brought improperly before the court. That was a Fourth Amendment, if you don't mind, that was a Fourth Amendment case. That's not a personal jurisdiction case. Well, no, it does talk about personal jurisdiction because, again, the argument was that personal jurisdiction was improper because- You don't dispute that. An attorney can certainly raise that, but in fact, as I understand them, and again, I'm not a civil attorney, Your Honor, but as I understand it, generally the rules now have abolished the distinction between special and general appearances. Now, a defendant, as I understand it, in a civil action can say, the court doesn't have personal jurisdiction over me because there are too few contacts here. This isn't the appropriate forum to sue me, et cetera, and can send an attorney or file papers raising that defense. Just to be clear, he wasn't appearing in a criminal case. He was appearing in a civil case. It didn't become a criminal case until the contempt order was issued. So I don't understand why we're talking about personal jurisdiction in criminal cases. I'd really like to know the government's theory for personal jurisdiction, what started as a civil matter. We think that a court has personal jurisdiction over a witness if the person is present before the court. That's all that's necessary. Are you there to say you have no jurisdiction over me? I'm here to assert- I'm not aware of any case that says that a person can do that. So in a sense, I think what's tough to pin down is maybe something that Mr. LeFant hasn't really argued, which is not that personal jurisdiction is lacking because of the want of a perfected subpoena, but that there's no subpoena, and therefore, that he's not lawfully been hailed before the court. Now, I recognize that's not the way he packaged the argument. That's correct. But if you'll indulge me, if he had, what's the --? What is it that the subpoena is supposed to accomplish other than be the mechanism for asserting personal jurisdiction and the mechanism for effectuating notice that might or might not be equally served by the court's order in Mr. LeFant's presence? I think, as we've pointed out and as the Supreme Court has recognized, the purpose of the subpoena, I mean, it's functional. It is to provide notice to a witness of the date and the case and where they're supposed to appear and when they're supposed to do so. Certainly, Magistrate Judge Robinson could have, in addition to saying, you're going to appear for this deposition on September the 21st, four days hence or five days hence, whatever it was. And here also is a subpoena that does that. But that really isn't necessary when the person is actually in front of the court. Ordinarily, what the subpoena does is that the witness isn't normally before the court. The witness is somewhere else and isn't present. So the subpoena is more than notice. The subpoena gives the court legal authority over somebody. It is more than notice. But since Appellant was actually before Magistrate Judge Robinson, and he was certainly well aware of what the subject matter was going to be of this deposition that had been argued about at length, he was there. But he was there as counsel for the parties. He was not there as Mr. LeFant's witness. And again, there is no sort of immunity for an attorney to be a witness. And it's not clear to me what purpose would be served by essentially saying that while an attorney is present in the court, he's essentially immune from service of process. I'm not aware of any court that's so held. And certainly not aware that this court has so held. Because I'm just trying to understand. Is your view that he just couldn't have a personal jurisdiction objection? Or if he had one, he couldn't have come to court that day? He had to mail in a brief raising the issue? How would one raise the issue? Well, I think it's interesting that he did bring his personal counsel with him to both the hearing at which the deposition was scheduled and ordered, and then the other one. So, I mean, in theory, he could have said, I don't want to, I'm not going to show up now. Well, that would have been a civil case for his clients. He couldn't do that. I mean, that's what I'm trying to figure out is this bind that he's in. He has to come because he's representing clients and it's a proceeding in a case for his clients. But couldn't he say that Mr. LaFond, personal witness, as to that, I'm not hearing that capacity. I think part of the problem here, if I could take a step back, is I'm not aware of any court that has said that a witness sort of has a right to play the cat and mouse game. In other words, to sort of physically stay away from service of process. I mean, ultimately. I'm not talking about service of process. I'm talking about what it means when you show up in court as an attorney representing clients. Does that also mean that you're submitting to imagine the subpoena were in some totally other case? A third case altogether. Nothing to do with the case that he's there. Just by showing up in court one day, can the court go, oh, well, here you are. I think the answer is yes, you can be served. In other words, there's no immunity or magical formula that says an attorney, while they're present in the courts, can't be served with something. I mean, if I stepped out to court today, someone had a subpoena for me, I could be served. And you could if you were, in fact, a California lawyer, and you were here showing up in a case, and you wanted to assert in response to a motion to quash that subpoena, that actually the judge in that other case had no personal jurisdiction over you because you lacked any contact with the forum that related to that dispute, you could still assert that in a motion to quash. Could you not? Or do you think Burnham gets rid of that? Unfortunately, I'm simply not familiar enough with the civil rules of either California or that to say. One thing I think is that personal contacts really aren't, as I understand them, an issue. When you're talking about the issuance of a subpoena, certainly in, I mean, I'm familiar with criminal cases, but as far as I can tell, the rule is the same in civil cases. You don't get to say I have insufficient contacts with the forum in which the lawsuit is taking place for me to be a witness. As I understand it, Rule 45 authorizes the issuance of a subpoena anywhere in the country. There's a 100-mile rule. Well, not so. If you are a witness in a different jurisdiction, and let's say I'm litigating a case in D.C., and you live in Indiana, and I want you to be a witness, I actually can't subpoena you to come from Indiana to here. I have to go to Indiana. Right. There's a 100-mile rule as to where the deposition can take place, but you can't say that I have insufficient contacts with Washington, D.C., and with the subject matter of this lawsuit for me to be a witness at all. In other words, because I live in Indiana, I don't have to testify in a Washington, D.C. case. As I understand it, Rule 45 allows anyone to be a witness, and if service is perfected on that Indiana witness, they will have to appear for the deposition. Now, they may not have to appear in Washington, D.C., but they will have to appear in Indiana. As I understand it, Pellant, he's not arguing that I live too far away from Washington, D.C. I mean, he's a practicing attorney in Washington, D.C. He's not saying he lives too far from the place of the deposition. He's arguing, well, they essentially should have had to come find me somewhere else other than the courtroom in order for me to have to testify in this case. Okay. It's really a service objection, not a personal jurisdiction objection, and that's what I'm trying to explore is what is the additional and distinct value or function of service of the subpoena that may have been defeated here, but maybe we don't have to resolve that because I don't think Mr. LaFont has actually made that argument. I don't think he has, and I don't think that certainly in the way that he has raised it, where he's raising a personal jurisdiction defense, that it can be argued that Magistrate Judge Robinson lacked jurisdiction over him because he was physically present. He was notified of when the deposition had to take place. He was ordered to appear and then disobeyed the order to testify. If there are no further questions, we respectfully submit that the judgment of the district court should be affirmed. Thank you. Mr. LaFont didn't have any time left, did he? We'll give you two minutes. Oh, thank you. I appreciate the indulgence. There's absolutely a section in the District of Columbia Code which provides immunity for persons who are attending court in the District of Columbia to not be subject to arrest or service of process. I'm desperately looking for that citation here, but it does appear in the District of Columbia Code. So the idea is if you are present in the courthouse, you cannot be served, and I have raised that on repeated occasions where people have ambushed clients of mine with service of process as they're attending court. That is absolutely illegal in the District of Columbia. So Mr. Coleman is completely incorrect about this, and I appreciate that Mr. Coleman is a criminal prosecutor and that he's not completely familiar with the minutia of our civil process, and it is, as the panel has amply pointed out, a different animal. He does note that there is an abolished distinction between general and special appearances. That is because if I come to court and challenge the court's authority to proceed, I have not waived that argument. It is a strange proposition, as I think you have noted, for me to send a messenger, my attorney, to come to court and say by broken telephone that I challenge the court's authority to proceed. No, I can appear personally, and I can make that, either with the benefit of counsel or myself, challenge the court's authority. And we haven't even begun to touch on this. The difference here is you filed a protective order, a motion to protect, I think, Fifth Amendment attorney-client rights, but nowhere in that document did you assert an absence of personal jurisdiction. So you affirmatively sought relief from the court without seeking, without asserting a lack of personal jurisdiction. And then you showed up at the hearing slash deposition, and you spent multiple times asserting right and trying to make a statement, and it was only after some time had gone by and you hadn't been able to do what you wanted to do in the court that you then said you were there under duress. And so what I'm wondering is why that didn't waive personal jurisdiction, the protective order, and that related assertion at the hearing. Well, you pointed it out yourself. You made this very clear that I'm in this position where I'm appearing as an advocate for my client. I am filing papers on behalf of my client. No, no, no. You're seeking a protective order against your own personal jurisdiction. At that point, you were filing on your own behalf to assert your own privileges that you claimed. I absolutely have the right to seek a protective order for a subpoena that hasn't been served yet. You very well may. The question here is not that you can't file it. The question is whether you needed to raise the absence of personal jurisdiction in that document or at the beginning of the hearing or both. Well, they hadn't even attempted service at that point, even by their own allegations. So to say that I can't preemptively seek a protective order for a subpoena that I know is coming without waiving the absolute hard and fast requirement of Rule 45 that that subpoena be filed, I know of no authority for that proposition. For these reasons and the reasons set forth in the brief, I respectfully request that the order of the district court be vacated and the fine be refunded to me. Thank you. Case is submitted.
judges: Millett, Pillard, Edwards